IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **HOLLY ANN WILLIAMS**<br>6982 Walker Mill Road, #C1<br>Capitol Heights, MD 20743<br><br>   Plaintiff,<br><br>v.<br><br>**UNITED STATES PARK POLICE**<br>Department of the Interior<br>1849 C Street, NW<br>Washington, DC 20240<br><br>And<br><br>**OFFICER PIERELL, #508**<br>Individually, and in his Official<br>Capacity as a United States Park<br>Police Officer<br>United States Park Police<br>1849 C Street, NW<br>Washington, DC 20240<br><br>   Defendants. | Case No. _____ |

## COMPLAINT

COMES NOW, Plaintiff Holly Ann Williams, by and through her attorneys, Timothy F. Maloney, Michael L. Schlepp, and Joseph, Greenwald & Laake, P.A., and files this Complaint and sues the Defendants the United States Park Police and Officer Pierell, and for cause states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b). All of the events giving rise to this action occurred in Maryland.

3. On December 18, 2014, Plaintiff sent notice of her claim to the United States Park Police pursuant to 28 U.S.C. § 2675.

## PARTIES

4. Plaintiff Holly Williams is the aggrieved party in this suit and is an adult resident of the State of Maryland, residing at 6982 Walker Mill Road, #C1, Capitol Heights, MD 20743.

5. Defendant United States Park Police is a federal law enforcement agency organized under the United States Department of the Interior and the National Park Service.

6. Defendant Officer Pierell, #508 (Pierell) is a sworn United States Park Police Officer. At all times relevant hereto, Officer Pierell was an agent, servant and employee of the United States Park Police, and acted within the scope of his employment.

## FACTS

7. On or about January 14, 2014 at approximately 1:30pm, Holly Williams, who is legally blind, was a passenger in her own vehicle. Michael Benjamin drove Ms. Williams on the Suitland Parkway near Silver Hill Road. The other passengers in the vehicle were Ms. Williams' nineteen-year-old daughter, Aysia Williams, who was in labor at the time, Ms. Williams' thirty-three year old daughter, Aricka Williams, who is severely mentally handicapped, and Ms. Williams' father, Francis Jenifer, who suffers from chronic destructive pulmonary disease ("COPD") and was on his way to the doctor with serious breathing problems.

8. As Mr. Benjamin drove on the Suitland Parkway, Officer Pierell pulled alongside Ms. Williams' vehicle, then behind it, finally conducting a traffic stop.

9. Officer Pierell claimed he stopped the vehicle because the month and year expiration stickers were reversed on the license plate.

10. The expiration stickers were not reversed and were properly affixed to the license plate.

11. Ms. Williams and Mr. Benjamin were not cited for having improper stickers or tags, nor did they receive any other kind of citation from Officer Pierell.

12. During the traffic stop, Officer Pierell requested identification from not only Mr. Benjamin, but also from Ms. Williams, who was sitting in the back seat.

13. Officer Pierell requested that several of the vehicle occupants step out of the vehicle for questioning.

14. Ms. Williams repeatedly told Officer Pierell that her daughter was presently in labor and that her father was having trouble breathing.

15. Aysia Williams also told Officer Pierell that she was in labor and that she was in a lot of pain. At this time her contractions were around three minutes apart.

16. Officer Pierell nonetheless continued to demand they exit the vehicle.

17. At some point, after approximately 45 minutes, a female Prince George's County Police Officer, Officer Wallace, arrived on the scene to frisk Ms. Williams.

18. Officer Pierell then took Ms. Williams into custody, claiming that she had an outstanding warrant for her arrest in Washington County, Maryland.

19. Ms. Williams informed Officer Pierell that it could not possibly be her because she had never been in Washington County, Maryland. Officer Pierell provided no additional information regarding the warrant, and placed Plaintiff Ms. Williams in handcuffs.

20. Ms. Williams told Officer Pierell that she recently had a stroke which caused her great pain in her left arm and shoulder. She then requested that he adjust the handcuffs. Officer Pierell refused to adjust the handcuffs despite Ms. Williams repeated requests.

21. Officer Pierell then transported Ms. Williams to the Commissioner in Upper Marlboro, Maryland. At no point did Officer Pierell Mirandize Ms. Williams.

22. The Commissioner reviewed the information contained in the warrant on which Ms. Williams was detained. She then informed the Officer that this clearly was not the same individual for which the warrant was issued.

23. The "Holly Williams" described in the open warrant was Caucasian, not African American like Ms. Williams; was 20 years younger than Ms. Williams; was 60 pounds lighter than Ms. Williams; and the warrant listed an address in Washington County, not Prince George's County. Officer Pierell knew this information when he arrested Ms. Williams.

24. After being detained by Officer Pierell for over four hours, the Commissioner released Ms. Williams.

25. As a result of the law enforcement misconduct, Ms. Williams suffered extreme emotional distress and anxiety stemming from Officer Pierell's actions, including the unwarranted and callous delay in taking Ms. Williams's daughter – who was in labor – and father to the hospital, in addition to the unnecessary stress placed on Ms. Williams' mentally handicapped daughter Aricka.

26. Ms. Williams' existing health problems were exacerbated by Officer Pierell's illegal and improper actions.

27. Ms. Williams suffered physical pain due to the officer's handcuffing of her hands and ankles.

28.     Ms. Williams also suffered severe embarrassment and shame at being pulled over and accosted on the side of the road in plain view of other drivers and pedestrians.

## COUNT I
(False Arrest)

29.     The allegations contained in the foregoing paragraphs are adopted and incorporated by reference with the same effect as if fully set forth herein.

30.     Without probable cause or legal justification, Officer Pierell falsely arrested Ms. Williams for criminal acts she had not committed and for which he had no reasonable suspicion to believe she had committed.

31.     Defendant unreasonably and unnecessarily deprived Plaintiff of her liberty by taking her into custody.

32.     Plaintiff never consented to the interactions with Officer Pierell.

33.     Defendant arrested Plaintiff without legal justification because it was clear that Plaintiff was not the "Holly Williams" described in the warrant and it was unreasonable to believe that Plaintiff was the person of different race, age and weight on the warrant.

34.     At all times relevant hereto, Officer Pierell was acting in his official capacity as a United States Park Police Officer. He was on duty, in uniform, and using his Park Police issued weapon, handcuffs and cruiser at all times relevant hereto.

35.     As a result of the false arrest of the Plaintiff by the Defendant, Ms. Williams suffered injuries including, but not limited to, those more specifically described in paragraphs 24-27 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial and in excess of $75,000, plus interest and costs, punitive damages, attorney's

fees, as well as further and additional relief as the nature of this case may require and that this Honorable Court shall deem just and proper.

## COUNT II
(False Imprisonment)

36. Plaintiff re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

37. Without probable cause or legal justification, Officer Pierell falsely imprisoned Ms. Williams for criminal acts she had not committed.

38. Beginning with the minutes following the initial traffic stop and the subsequent period of detainment, Ms. Williams' freedom and liberty of movement were intentionally restricted and she was unable to leave, unreasonably and unlawfully depriving her of her liberty.

39. Officer Pierell detained Ms. Williams for over four hours without justification, despite being told by Ms. Williams that she was not the woman named in the warrant and the blatant discrepancies between the "Holly Williams" described in the warrant and Plaintiff Holly Williams.

40. At all times relevant hereto, Officer Pierell was acting in his official capacity as a United States Park Police Officer. He was on duty, in uniform, and using his Park Police issued weapon, handcuffs and cruiser at all times relevant hereto.

41. As a result of the false arrest of the Plaintiff by the Defendant, Ms. Williams suffered injuries including, but not limited to, those more specifically described in paragraphs 24-27 above.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial and in excess of $75,000, plus interest and costs, punitive damages, attorney's

fees, as well as further and additional relief as the nature of this case may require and that this Honorable Court shall deem just and proper.

## COUNT III
*(Bivens* Claim under the Fourth Amendment of the United States Constitution)

42. Plaintiff re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

43. Plaintiff has a constitutionally protected right under the Fourth Amendment to be free from unreasonable seizures.

44. Officer Pierell violated that right during the unjustified traffic stop, the 45-minute prolonged detention after the stop, and the subsequent four hours of holding, when it was clear there was no traffic violation and no warrant for her arrest.

45. Officer Pierell violated Plaintiff's right to be free from unreasonable seizure when he arrested her pursuant to a warrant that facially, clearly described a different woman.

46. Plaintiff lacks a statutory cause of action that provides monetary compensation against the Defendant.

47. No special factors suggest that this Honorable Court should decline to provide this judicial cause of action and remedy.

48. No appropriate immunity can be raised by the defendant because he violated a clearly defined constitutional right.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial and in excess of $75,000, plus interest and costs, punitive damages, attorney's fees, as well as further and additional relief as the nature of this case may require and that this Honorable Court shall deem just and proper.

## COUNT IV
*(Respondeat Superior)*

49. Plaintiff re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

50. At all times described herein Officer Pierell was acting in the scope of his employment. He was on duty, in uniform, and using his Park Police issued weapon, handcuffs and cruiser at all times relevant hereto.

51. As the sworn officer's employer, the United States Park Police is responsible for all of the acts committed by the officers within the scope of their employment.

52. All of the Plaintiff's injuries and damages were caused solely by the conduct, actions and inactions of the Defendants, as set forth herein, without any negligence or want of due care on the part of the Plaintiff, either directly or indirectly.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial and in excess of $75,000, plus interest and costs, punitive damages, attorney's fees, as well as further and additional relief as the nature of this case may require and that this Honorable Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues of triable fact in this matter.

/s/
Michael L. Schlepp

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.


By___/s/_____
Timothy F. Maloney
Michael L. Schlepp
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (tel.)
(301) 220-1214 (fax)
*Counsel for Plaintiff*